OPINION
{¶ 1} Defendant-appellant, Jarrod Postway, appeals his conviction in the Butler County Court of Common Pleas for robbery. We affirm appellant's conviction.
 {¶ 2} Appellant was arrested in connection with a robbery of a woman near an ATM. He was indicted for robbery pursuant to R.C.2911.02(A)(3), a second-degree felony. He pled guilty to robbery in violation of R.C. 2911.02(A)(2), a third-degree felony. The trial court accepted appellant's plea, found him guilty of robbery, and sentenced him to four years in prison. Appellant now appeals his conviction, raising three assignments of error.
Assignment of Error No. 1
 {¶ 3} "The judgment entry of conviction filed June 18, 2002, fails to conform to the requirement of Criminal Rule 32(C) in that the judgment entry of conviction fails to set forth the plea of the defendant/appellant in the instant case."
Assignment of Error No. 2
 {¶ 4} "The trial court in the instant case erred in that it failed to comply with Criminal Rule 11(C)(2) prior to accepting the plea of the appellant in the instant case."
Assignment of Error No. 3
 {¶ 5} "It was error for the trial court to make a finding during the sentencing hearing that the defendant lacked remorse or that serious harm was inflicted upon the victim without a full evidentiary hearing on matters that were contested."
 {¶ 6} In his first assignment of error, appellant contends that the Judgment Entry of Conviction does not comply with Crim.R. 32(C) because it fails to set forth his plea. Crim.R. 32(C) states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 7} The judgment entry of conviction in this case states that appellant was found guilty of robbery, but does not state that appellant pled guilty to the charge. However, another time-stamped and journalized entry in the case indicates that appellant pled guilty to the charge and that the trial court accepted the plea. The entry is signed by the trial court, appellant, his counsel and the prosecuting attorney. These two entries set forth the trial court's judgment and are sufficient to meet the requirements of Crim.R. 32(C). Wadsworth v. Morrison (Apr. 1, 1992), Medina App. No. 2047. Accordingly, appellant's first assignment of error is overruled.
 {¶ 8} In his second assignment of error, appellant contends that the trial court failed to comply with Crim.R. 11(C)(2) prior to accepting his guilty plea. Crim.R. 11(C)(2) states:
 {¶ 9} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and
 {¶ 10} "shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} A trial court must strictly comply with the provisions of Crim.R. 11 that relate to constitutional rights. State v. Ballard
(1981), 66 Ohio St.2d 473, paragraph two of the syllabus. Although the trial court is not required to use the exact words of the rule, the record must show that the trial court explained these rights in a manner reasonably intelligible to the defendant. Id. With regard to the requirements of Crim.R. 11 that do not involve the waiver of a constitutional right, the court need only substantially comply with the rule. Id. at 476; State v. O'Connor, Butler App. No. CA2001-08-195,2002-Ohio-4122.
 {¶ 15} Appellant argues that prior to accepting his plea, the trial court advised him that he could get a sentence for one to five years, no reduction for good time, and issues regarding post-release control. Appellant contends that the trial court then explained the various pleas available to him, and he pled guilty. Appellant argues that it was not until after his guilty plea that the trial court explained the remainder of his Crim.R. 11(C) rights.
 {¶ 16} However, a review of the record reveals that the trial court explained the above requirements to appellant, along with the different pleas, then asked how appellant wished to plead. Appellant answered, "guilty." The trial court then discussed appellant's various Crim.R. 11(C) rights to him, stopping after each one to ensure that appellant understood the right and that he understood he was giving up the right by pleading guilty. It was only after the trial court engaged in this colloquy with appellant that it accepted his plea. Therefore, we find the trial court complied with Crim.R. 11(C) by advising appellant of his rights before accepting his plea.
 {¶ 17} Appellant also argues that the trial court's error was "complicated" by the prosecutor misstating the code section appellant was charged with and pled guilty to in the statement of facts. The prosecutor stated that the "offense is a felony of the second degree in violation of Ohio Revised Code Section 2811.02(A)(2)." The prosecutor continued by stating, "It's my understanding that that has been amended to (A)(3), a felony of the third degree." The correct code section is R.C. 2911.02, not 2811.02. However, the record contains several statements of the correct code section by the court and appellant's written plea states the correct code section. There is no evidence to indicate that appellant was in any way misled by the prosecutor's one misstatement of the code section. Appellant's second assignment of error is overruled.
 {¶ 18} In his third assignment of error, appellant contends that the trial court erred in finding that he lacked remorse and that the victim suffered serious harm. Appellant argues that during the sentencing hearing the trial court asked if he remembered dragging the victim 50 to 75 feet across the parking lot. Appellant responded that the statement was not true that he did not drag the victim at all. The prosecutor responded that the police reported cuts and scrapes on the victim and that pictures were taken of the injuries. The trial court then asked to see the pictures. Appellant contends that it was error for the trial court to consider this evidence without a full evidentiary hearing.
 {¶ 19} However, the rules of evidence do not strictly apply in sentencing hearings. State v. Cook, 83 Ohio St.3d 404, 425,1998-Ohio-291. Evid.R. 101(C) states that the rules of evidence, including the hearsay rule, do not apply to certain criminal proceedings, including sentencing. Accordingly, the trial court may rely on reliable hearsay in its sentencing decision. Thus, the trial court did not err in allowing hearsay evidence to show that the victim was injured without a full evidentiary hearing.
 {¶ 20} Appellant also argues that the trial court erred in finding that he lacked remorse because he did express remorse during the sentencing hearing, by stating that he was sorry for what he had done. Pursuant to R.C. 2929.12, the trial court must consider whether the offender shows genuine remorse for the offense. However, the trial court was not required to believe the statements simply because they were made at the hearing. Because the trial court is in the best position to assess the credibility of witnesses, State v. Hopfer (1996), 112 Ohio App.3d 521,548, the issue of whether appellant's expression of remorse was genuine was for the trial court to determine. State v. Nutter, Wyandot App. No. 16-01-05, 2001-Ohio-2253. Appellant's third assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.